**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JOE BENOIT MARTIN, #208789**  ) | |
|  ) | |
| **Plaintiff,**  ) | |
|  ) | |
| VS.  ) | CASE NO.: 2:07-CV-884-MEF |
|  ) | |
| **ARNOLD HOLT, et al.**  ) | |
|  ) | |
| **Defendants.**  ) | |

**SPECIAL REPORT**

**COME NOW** Defendants, **Leon Bolling, Arnold M. Holt, Leonard Moore, Michael Warren, and Leon Varner, Jr.,** by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and do hereby submit the following Special Report.

**PARTIES**

1. The Plaintiff, Joe Benoit Martin, ("Mr. Martin") is an Alabama Department of Corrections ("ADOC") inmate, incarcerated at the Kilby Correctional Facility ("Kilby") in Mt. Meigs, Alabama.

2. Mr. Moore has named the following Defendants:

    a. Leon Bolling ("Captain Bolling"), Correctional Captain at Kilby, who is employed by ADOC.

    b. Arnold M. Holt ("Warden Holt"), Warden III, retired. At all times relevant to this matter, Warden Holt was the Warden at Kilby, employed by ADOC.

  c. Leonard Moore ("Officer Moore"), Correctional officer I ("COI") at Kilby, who is employed by ADOC.

  d. Michael Warren ("Steward Warren"), Steward III at Kilby, who is employed by ADOC.

  e. Leon Varner, Jr. ("Steward Varner"), Steward II at Kilby, who is employed by ADOC.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. Martin alleges in his complaint that the Defendants have violated his constitutional rights by subjecting him to cruel and unusual punishment, and failing to follow ADOC rules and regulations. Specifically, Mr. Martin alleges that he is assigned to kitchen duty at Kilby where he is forced to breathe hot steam and forced to stand on his feet for three (3) to four (4) hours, causing him physical pain. Mr. Martin alleges that he has a "no standing profile," which means that he is unable to stand for more than twenty minutes at a time, and that despite having knowledge of this, Defendants make him serve on the service line, kill flies, and wipe down tables.

Mr. Martin alleges that the Defendants have also violated ADOC rules with respect to disabled inmates, and fears he will be disciplined if he refuses to work.

Mr. Martin seeks an injunction and $5,000.00 per day for pain and suffering.

## DEFENDANTS' EXHIBITS

1. Exhibit A – Angie Baggett, Classifications Specialist Supervisor.

## DEFENDANTS' RESPONSE

1. Plaintiff's claims are all moot.

2. Mr. Martin has no right to any specific job assignment.

3. Mr. Martin does not have a right to be housed in any particular facility while he is in ADOC custody.

3. Mr. Martin has suffered no injury as a result of Officer Moore's alleged threats.

4. Defendants are entitled to qualified immunity.

5. Defendants are entitled to sovereign immunity.

6. Defendants are entitled to state-agent immunity.

7. Defendants are entitled to functional discretionary immunity.

8. Defendants assert mistake of fact.

9. Defendants assert mistake of identity.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-

3

movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Martin's claims, and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Mr. Martin is a disabled inmate housed at Elmore. Mr. Martin was assigned to "kitchen detail" by the Institutional Job Board from May 11, 2007 until September 27, 2007. Mr. Martin was reassigned to work as Bay Cleaner on September 27, 2007. Mr. Martin is scheduled to be transferred to Staton Correctional Facility on December 13, 2007. (See Ex. A.) Mr. Martin received no disciplinary actions from May 11, 2007 until December 13, 2007.

## ARGUMENT OF FACT AND LAW

Plaintiff's claims for injunctive relief are moot, since he is no longer working or incarcerated at Kilby. The transfer of a prisoner renders moot any claims for injunctive or declaratory relief. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

### Eighth Amendment Claim

Mr. Martin alleges that Defendants acted with deliberate indifference to his health by causing him to breathe hot air and work

4

without breaks. Conditions of confinement which involve the wanton and unnecessary infliction of pain are proscribed by the Constitution. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" rise to the level of constitutional violations. <u>Id</u>. at 347. The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (<u>quoting</u> <u>Rhodes</u>, 452 U.S. at 349).

Under the Eight Amendment prison officials have a duty to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" <u>Farmer</u>, 511 U.S. at 832 (<u>quoting</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)); <u>Helling</u>, 509 U.S. at 33. In order to advance an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. <u>Farmer</u>, 511 U.S. at 834.

The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." <u>Id</u>. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289-90 (11th Cir.2004).

The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that

5

risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and, disregarded that risk. <u>Farmer</u>, 511 U.S. at 828, 834, 837.

Mr. Martin essentially alleges that Defendants deliberately exposed him to uncomfortable working conditions. However, Mr. Martin has failed to establish that the conditions at Kilby caused him serious harm. Under the objective standard Martin failed to show that he was exposed to unreasonably dangerous work conditions. <u>See</u> <u>Chandler</u>, <u>above</u>.

## **CONCLUSION**

Based on the foregoing, Defendants **Leon Bolling, Arnold M. Holt, Leonard Moore, Michael Warren, and Leon Varner, Jr.,** respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants

6

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

     I certify that I have on this the 13th day of December, served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Joe Benoit Martin, #208789
Kilby Correctional Facility
PO Box 150
Mt. Meigs, AL  36057

                                     /s/  J. MATT BLEDSOE
                                     OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789
PLAINTIFF

CIVIL ACTION: 2:07-CV-884-MEF

VS

Arnold Holt, et.al.
DEFENDANT

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Angie Baggett who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Angie Baggett, and I am presently employed as a Classification Specialist Supervisor with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I have reviewed Inmate Joe Martin's institutional file which revealed that Inmate Martin was assigned to the kitchen detail by the Institutional Job Board from 5-11-07 until 9-27-07. He was reassigned by the Job Board on 9-27-07 to work as a Bay Cleaner. Upon checking the Institutional transfer orders for today Inmate Martin will be transferred to Staton Correctional Facility on 12-13-07 as a routine transfer. He did not receive any disciplinary action from 5-11-07 until 12-13-07. (See attached documents.)

_____
Angie Baggett, Class. Spec. Supervisor
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 13th day of December, 2007.

_____
Betty S. Carr, Notary Public
My comm. expires 12-17-09

1

EXHIBIT A

# AFFIDAVIT

Joe Benoit Martin, 208789
**PLAINTIFF**

CIVIL ACTION: 2:07-CV-884-MEF

VS

Arnold Holt, et.al.
    **DEFENDANT**

## STATE OF ALABAMA
## MONTGOMERY COUNTY

I, Angie Baggett, hereby certify and affirm that I am the Classification Specialist Supervisor at Kilby Correctional Facility; that I am one of the custodians of the inmate institutional records at this institution; that the attached documents are true, exact, and correct photo-copies of certain original documents maintained here in the institutional files; and that I am over the age of nineteen (19) years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at the Kilby Correctional Facility; and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events, and transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on the 13th day of December, 2007.

*[signature]*
Angie Baggett, Class. Spec. Supv.
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this 13th day of December, 2007.

*[signature]*
Betty S. Carr, Notary Public
My comm. expires 12-17-09

2

```
DEC. 13, 2007              USER: CLASS. SPEC.                           INMJHR
                            JOB HISTORY PROCESSING
                            JOB CHANGE LOG BY AIS #
---CHANGED----                         -------------CHANGED--------------
DATE      TIME  AIS    NAME              FROM              TO              F
05/11/07 07:09 208789 MARTIN, JOE B.    UNASSIGNED       II KITCHEN        N
09/27/07 19:01 208789 MARTIN, JOE B.    II KITCHEN       BB BAY CLEANER    N
```

NO MORE JOB HISTORY RECORDS
PRESS ENTER TO CONTINUE

* NO DISCIPLINARY RECORDS FOR THAT AIS AND/OR SEQ# *