**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOE BENOIT MARTIN, #208789** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.: 2:07-CV-884-MEF** |
| | ) | |
| **ARNOLD HOLT, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUPPLEMENTAL SPECIAL REPORT

**COME NOW** Defendants, **Leon Bolling, Arnold M. Holt, Leonard Moore, Michael Warren, and Leon Varner, Jr.,** by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and do hereby submit the following Supplemental Special Report.

## PARTIES

1. See, Court doc. no. 9.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

i.    Captain Barrett assigned plaintiff to work in the kitchen in violation of his "no standing" profile which directed that plaintiff remain standing no longer than 20 minutes at a time;

ii.    Defendant Holt, after being advised of the situation, failed to undertake any corrective action;

iii.    Defendant Bolling refused to transfer plaintiff out of the kitchen or abide by the no standing profile;

1

iv.    Defendants Varner and Moore required plaintiff to continuously stand on his feet for over three hours on July 17, 2007; and

v.    Defendant Moore again ignored the "no standing" profile on July 24, 2007.

## DEFENDANTS' EXHIBITS

1.    Exhibit A – Affidavit of Arnold Holt, Warden III (Warden Holt), at Kilby Correctional Facility (Kilby) in Mt. Meigs, Alabama at times relevant to the plaintiff's Complaint.

2.    Exhibit B - Affidavit of Leon Bolling, Correctional Captain (Captain Bolling), at Kilby.

3.    Exhibit C - Affidavit of Leon Varner, Jr., Food Services Steward II (Steward Varner), at Kilby.

4.    Exhibit D - Affidavit of Leonardo Moore, Correctional Officer I (Officer Moore), at Kilby.

5.    Exhibit E - Affidavit of Michael A. Warren, Chief Steward III (Chief Steward Warren), at Kilby.

6.    Exhibit F - Affidavit of Angie Baggett, Classifications Specialist supervisor, at Kilby.

## DEFENDANTS' RESPONSE

1. Defendants adopt each and every response submitted in Court doc. no. 9, and add:

2. In response to the Court's request that defendants respond to plaintiff's allegation that, "defendant Barrett assigned plaintiff to work in the kitchen in violation of his "no standing" profile which directed that plaintiff remain standing no longer than 20 minutes at a time," defendants state, Captain Barrett is mentioned in the Complaint, but is not listed as a *defendant* in the Complaint. Captain Barrett has not been served or waived service of process in this matter. <u>See</u>, Court doc. no. 1.

3. In response to the Court's request that defendants respond to plaintiff's allegation that, "defendant Holt, after being advised of the situation, failed to undertake any corrective action" defendant Holt states that he does not recall receiving an inmate request slip from the plaintiff concerning his assigned job, but would have referred the complaint to Captain Barrett. (Ex. A.)

4. In response to the Court's request that defendants respond to plaintiff's allegation that, "defendant Bolling refused to transfer plaintiff out of the kitchen or abide by the no standing profile," defendant Bolling states that he received an inmate request slip from plaintiff for a job transfer due to a personal problem and other medical problem. (Ex. B, pp. 1 & 4-6.) Defendant Bolling denied the transfer. Defendant Bolling contacted Chief Steward Warren and Steward Varner to ensure that the "no prolonged standing profile" assigned to plaintiff was being followed. (Ex. B, p. 1.)

5. In response to the Court's request that defendants respond to plaintiff's allegation that, "defendants Varner and Moore required plaintiff to continuously stand on his feet for over three hours on July 17, 2007," defendant Varner states that he provided plaintiff with a stool to sit on when serving bread or juice or when wiping tables. (Ex. C.) Defendant Varner did order plaintiff to kill twenty flies on July 17, 2007, but denies making him stand on his feet for more than three hours. (Ex. C.) Defendant Moore states that he was assigned to a different area of Kilby on July 17, 2007, and has no recollection of the events described by the plaintiff. (Ex. D.)

6. In response to the Court's request that defendants respond to plaintiff's allegation that, "defendant Moore again ignored the 'no standing' profile on July 24, 2007," defendant Moore states that he has no recollection of the events described by the plaintiff. (Ex. D.)

7. Finally, Chief Steward Warren states that on or about May 10, 2007, he met with the plaintiff who produced a pink slip indicating that he was not to be asked to stand for more than twenty minutes at a time. (Ex. E.) Chief Steward Warren assigned plaintiff to the serving line where he could sit on a stool, based on his "no prolong[ed] standing" profile. Id. Chief Steward Warren later reassigned plaintiff to wipe tables in the dining room where he could sit down at any time. Id.

4

## SUMMARY JUDGMENT STANDARD

1.        See, Court doc. no. 9.

## STATEMENT OF UNDISPUTED FACTS

Mr. Martin is a temporarily disabled inmate housed at Kilby. (Ex. B., p. 7.) Mr. Martin was assigned a "no prolong[ed] standing profile" on August 16, 2007 for a term of ninety days. Id. Mr. Martin was assigned to "kitchen detail" by the Institutional Job Board from May 10, 2007 until September 27, 2007. (Ex. B., p. 8.)  While serving kitchen duty, Mr. Martin was allowed to sit on a stool while assigned to the serving line, and was allowed to take a break whenever he felt like he needed one. (Ex. B., p. 1., Ex. C., Ex. E.) Mr. Martin was reassigned to work as Bay Cleaner on September 27, 2007. (Ex. B. p. 8.) Mr. Martin was scheduled to be transferred to Staton Correctional Facility on December 13, 2007. (See Ex. F.)  Mr. Martin received no disciplinary actions for ***anything, including insubordination***, from May 11, 2007 until December 13, 2007. Id.

## ARGUMENT OF FACT AND LAW

Defendants adopt by reference arguments that they asserted in Court doc. no. 9, and further assert in addition:

### Qualified Immunity

The defendants are entitled to qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary

functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the defendants are protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295. Defendants Warden Holt, Captain Bolling, Chief Steward Warren, and Steward Varner were all using their discretion in adopting and implementing policies that balance Kilby's need for assistance in serving food to inmates housed therein, simultaneously with the needs of the plaintiff who cannot stand for prolonged periods of time. Plaintiff cannot show that said defendants had reason to know that they violated his constitutional rights in any way. Following Wilson, the defendants sued in their individual capacities are immune from liability.

**Eighth Amendment Claim against Officer Moore**

Plaintiff alleges that Officer Moore threatened him on two different occasions, once on July 17, 2007 and again on July 24, 2007. In order to maintain a 42 U.S.C. § 1983 action, a plaintiff must show that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, (1981).

The threats, of which the plaintiff complains, standing alone, do not violate the Constitution. <u>Paul v. Davis</u>, 424 U.S. 693 (1976). Threatening comments made by a correctional officer to an inmate do not rise to the level of a constitutional violation. <u>See</u> <u>McFadden v. Lucas</u>, 713 F.2d 143 (5th Cir.1983). Plaintiff's assertions against Moore, even if true, fail to demonstrate that he was deprived of any protected right, privilege or immunity.

## **<u>CONCLUSION</u>**

Based on the foregoing, Defendants **Leon Bolling, Arnold M. Holt, Leonard Moore, Michael Warren, and Leon Varner, Jr.,** respectfully request that this court consider treating this Supplemental Special Report as a Motion for Summary Judgment, and enter judgment in favor of the defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047

7

/s/ J. Matt Bledsoe_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants


OF COUNSEL:


OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)


## CERTIFICATE OF SERVICE


I certify that I have on this the 2nd day of January, 2008, served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:


Joe Benoit Martin, #208789
Kilby Correctional Facility
PO Box 150
Mt. Meigs, AL  36057


/s/  J. MATT BLEDSOE_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789
PLAINTIFF

CIVIL ACTION: 2:07-CV-884-MEF

VS

Arnold Holt, et.al.
DEFENDANT

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Arnold M. Holt who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Arnold M. Holt, and I am presently retired from the Alabama Department of Corrections. I was the Warden III with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama on May 11, 2007 until November l, 2007, which is the time frame involved in this complaint. I am over nineteen (19) years of age.

I do not recall receiving a "Request Slip" from Inmate Martin, but if I did I would have referred the complaint to my Captain, Bobby Barrett, who was in charge of the Institutional Job Board. Captain Barrett was responsible for handling the job board assignments and the complaints addressed to me. He investigated the complaints by having the inmate's medical file reviewed and would discuss any related problems with the medical staff.

I have not violated Inmate Martin's constitutional rights in any manner.

Arnold M. Holt, Retired Warden III
From Kilby Correctional Facility

State of Alabama
Montgomery County
Sworn to and subscribed before me and under my hand and official seal this the 19th day of October, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09

EXHIBIT
A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789

PLAINTIFF

                                    CIVIL ACTION: 2:07-CV-884-MEF

VS

Arnold Holt, et.al.
        DEFENDANT

                    A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared  Leon Bolling who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is  Leon Bolling, and I am presently employed as a Correctional Captain with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama.  I am over nineteen (19) years of age.

Inmate Martin was assigned to the kitchen on 5-10-07 by the Institutional Job Board.  Captain Bobby Barrett interviewed Inmate Martin at which time he was assigned to work in the kitchen

On or around 5-22-07 I received an inmate request slip from Inmate Joe B. Martin, 208789, regarding and checked on the request as "Personal Problem" and "Other-Medical".  This request was sent to me rather than Warden Arnold Holt since it was marked as such.  I did deny the inmate's request for a job change.  I deny that I told Inmate Martin that he would never get out of the kitchen and that if he moved one inch his standing profile time would start over.  I talked with the Stewards to insure the "No prolong Standing" profile was being honored.  Inmate Martin was allowed to take breaks as he felt the need.  It is the inmate's responsibility to notify his supervisor when he needs a break.  Inmate Martin was released from the kitchen and came before the Institutional Job Board.  I, Captain Bolling, was a member of the Board and assigned him a new work detail of Dorm Cleaner on 9-27-07.

I did meet with the Mental Health Administrator, Ms. Deloris Burrell, concerning Inmate Martin on 8-14-07.  Inmate Martin was apparently was having a problem adjusting to his environment and was a client of the Mental Health Department on an as needed

1

PENGAD 800-631-6989

EXHIBIT
B

basis.

I have not violated Inmate Martin's constitutional rights in any manner.  He has not been subjected to cruel and unusual punishment.


*Leon Bolling*
Leon Bolling, Captain
Kilby Correctional Facility


State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 23rd day of October, 2007.

*Betty S. Carr*
Betty S. Carr, Notary Public
My comm. expires 12-17-09

2

# A F F I D A V I T

Joe Benoit Martin, 208789
PLAINTIFF

                            **CIVIL ACTION: 2:07-CV-884-MEF**

VS

Arnold Holt, et.al.
        DEFENDANT

## STATE OF ALABAMA
## MONTGOMERY COUNTY

    I, Leon Bolling,  hereby certify and affirm that I am a Correctional Captain at Kilby Correctional Facility; that I am one of the custodians of the inmate institutional records at this institution; that the attached documents are true, exact, and correct photo-copies of certain original documents maintained here in the institutional files; and that I am over the age of nineteen (19) years and am competent to testify to the aforesaid documents and matters stated therein.

    I further certify and affirm that said documents are maintained in the usual and ordinary course of business at the Kilby Correctional Facility; and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events, and transactions referred to therein are said to have occurred.

    This, I do hereby certify and affirm to on the 23rd day of October, 2007.

                                  _Leon Bolling_

                                 Leon Bolling, Captain
                                 Kilby Correctional Facility

State of Alabama
Montgomery County

    Sworn to and subscribed before me and under my hand and official seal this the 23rd day of  October, 2007.

                                   _Betty S. Carr_

                                   Betty S. Carr, Notary Public
                                 My comm. expires 12-17-09

Martin v Holt, et al.
0003

**INMATE REQUEST SLIP**

Name _Joe B Martin_ Quarters _G-19B_ Date _5-22-07_

AIS # _208789_

( ) Telephone Call ( ) Custody Change (X) Personal Problem

( ) Special Visit ( ) Time Sheet (X) Other _MeDical_

**Briefly Outline Your Request - Then Drop In Mail Box**

WARDEN HOLT I went To THE
Job Board Here on 5-10-07 AT
THE Job Board I spoke with CAPT.
Bollin I Explained To Him I HAD a
Standing ProFile. I WAS PUT in THE
Kitchen AS A line Server where I Have
To STand. I WAS on 1ST SHiFT where
I only Had To STand THrough Breakfast
now I Have Been PUT on 2nd SHiFT.

**Do Not Write Below This Line - For Reply Only**

Count
next
Dose

_Cpt. Leon Bollin_

Approved    (Denied)    Pay Phone    Collect Call

**Request Directed To:** (Check One)

( ) Warden ( ) Deputy Warden ( ) Captain

( ) Classification Supervisor ( ) Legal Officer - Notary ( ) Record Office
Public

_c.c. INMAte_

N176

Martin v Holt, et al.
0004

## INMATE REQUEST SLIP

Name Joe B Martin        Quarter L-193 Date 5-22-07

AIS # 208789

( ) Telephone Call        ( ) Custody Change        (X) Personal Problem
( ) Special Visit         ( ) Time Sheet            (X) Other medical

**Briefly Outline Your Request - <u>Then Drop In Mail Box</u>**

Where I have To Stand 2 meals, I get A
Break when I start Hurting. But when
you make A man Stand Till He Hurts
The Breaks I get Doesn't stop my pain.
I Belive I was given THis Job ~~and~~ To
Retaliate against me Becase I Filed A Law
Suit in The United States DistricT court
against DOC, The Comissioner, Warden Ferriss
And officers AT Staton, To cause me pain,

<u>Do Not Write Below This Line</u> - **For Reply Only**

_____
_____
_____
_____
_____
_____

| Approved | Denied | Pay Phone | Collect Call |
|---|---|---|---|

**Request Directed To: (<u>Check One</u>)**

( ) Warden                      ( ) Deputy Warden        ( ) Captain
( ) Classification Supervisor   ( ) Legal Officer - Notary  ( ) Record Office
                                     Public

N176

**INMATE REQUEST SLIP**

Name _Joe B Martin_  Quarters _6-19B_  Date _5-22-07_

AIS # _208789_

( ) Telephone Call      ( ) Custody Change      (X) Personal Problem

( ) Special Visit        ( ) Time Sheet          (X) Other _Medical_

**Briefly Outline Your Request - Then Drop In Mail Box**

WARDEN HOLT I WENT TO THE
Job BoarD Here on 5-10-07 AT
THE Job BoarD I spoke wiTH CAPT.
BollIn I ExplaineD To Him I HAD A
STanDing ProFile. I WAS PuT in The
KiTcHen AS A line Server wHere I Have
To STanD. I WAS on 1ST SHIFT wHere
I only HAD To STanD THrougH BreakfasT
now I Have Been PuT on 2nD SHIFT.

**Do Not Write Below This Line - For Reply Only**

Count
nexT
Dose

_Cpt. Leon Boll_

| Approved | (Denied) | Pay Phone | Collect Call |

**Request Directed To:** (Check One)

( ) Warden                    ( ) Deputy Warden            ( ) Captain

( ) Classification Supervisor  ( ) Legal Officer - Notary   ( ) Record Office
                                   Public

C.C. INMATE

N176



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** 8/16/07

**To:** DOC

**From:** OPC

**Inmate Name:** Martin, Joe                **ID#:** 208789

The following action is recommended for medical reasons:

1.  House in _____

2.  Medical Isolation _____

3.  Work restrictions _____

4.  May have extra _____ until _____

5.  Other _____

**Comments:**

No prolong standing Greater than 20 minutes x 90 days

_____

_____

_____

**Date:** 8/16/07    **MD Signature:** VO M Baller CRNP/ Schweizer    **Time:** _____

60418

Martin v Holt, et al.
0007

# JOB BOARD DATA SHEET
## KILBY CORRECTIONAL FACILITY

NAME: *Martin, Joe Benoit*

AIS #: *208729R*

JOB SKILLS: *Paint Contractor*

_____

_____

MEDICAL LIMITS: _____

_____

SEX OFFENDER: _____ YES  _____ NO ✓

DRUG CONVICTION: _____✓ YES  _____ NO     *Prior*

TRAFFICKING: _____ YES  _____ NO ✓

HEINOUS: _____ YES  _____ NO ✓     *Restricted*

ESCAPE HX: _____✓ YES  _____ NO     *LSA, RE*

SECURITY LEVEL: *Min. IV*

*Sex Abuse - pled down to Assault III*

### DATE/JOB ASSIGNMENT

| DATE/JOB ASSIGNMENT | | BOARD MEMBERS |
|---|---|---|
| *5/10/07 Kitchen* | | |
| *9/24/07 Dorm Cleaner* | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789
PLAINTIFF

CIVIL ACTION: 2:07-CV-884-MEF

VS
Arnold Holt, et.al.
          DEFENDANT

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared, Leon Varner, Jr. Steward II, who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Varner, Jr. and I am presently employed as Steward II with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I am the Steward II in the Food Services Division at Kilby Correctional Facility for over 22 years and I am responsible for administrative operations of the kitchen. I supervise and train all Kitchen Inmates in the operation and sanitation procedures.

On or about May 10, 2007, Joe Benoit Martin, white male, AIS#208789, produced a medical pink slip to Chief Steward Warren stating that he was to have no prolonged standing over 20 minutes. Chief Steward Michael A Warren assigned Inmate Joe Benoit Martin to the serving line. His job description was to serve bread on the end of the serving line while sitting on a stool.

At some point Chief Warren reassigned Inmate Martin to serving juice on the line while sitting down and to help wipe tables if needed. Inmate Martin never made any complaints to me that he was in pain due to steam or heat in the kitchen. Inmate Martin asked me on two different occasions if he could go to his dorm to get

1



his inhaler which I granted him permission to do so.

Inmate Martin spoke with me asking for extra help in pouring juice on the line to make it easier on him. I told Inmate Martin that I would instruct the Diet Cook and one of the inmate workers from the dish room area to assist him. Inmate Joe Benoit Martin was not satisfied with the changes.

On July 17, 2007, I did not have CO I Leonardo Moore to threaten to do bodily harm to inmate Martin. I would never ask anyone including an officer to harm anyone. Inmate Martin was instructed to kill 20 flies, along with all second shift kitchen workers. This was a daily routine in order to keep flies out of the kitchen. Inmate Martin was never denied a break. Inmate Martin was called into my office when he was insubordinate when told he couldn't leave the kitchen until everyone had killed their 20 flies. There was no counting of how many flies each inmate killed. It was up to Inmate Martin to let me know when he had reached his limit. Inmate Martin never mentioned to me that he wanted to sit and get off his legs. Inmate Martin was allowed to sit anytime he felt he had stood up too long. His job assignments allowed for him to sit down while serving and at anytime when instructed to kill flies. Inmate Martin was given a break by me every time he requested one.

I have not violated Inmate Joe Benoit Martin's constitutional rights in any manner.

Leon Varner, Jr. Steward II
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 29 day of October, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLBE DISTRICT OF ALABAMA
## NOTHERN DIVISION

| | |
|---|---|
| Joe Benoit Martin, | ) |
| #208789 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS | )    2:07-CV-480-MEF |
| | ) |
| Arnold Holt, Warden III | ) |
| Captain L. Bolling | |
| Chief Stewart, M. A. Warren | |
| Stewart II, Leon Varner | |
| COI L. Moore, ET. AL. | ) |
| Defendants | ) |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for

said county and State of Alabama at large, personally appeared

Leonardo Moore, CO  who being know to me and being by me first

duly sworn, deposes and says on oath as follow:

My name is Leonardo Moore, and I am presently employed

as a Correctional Officer with the Alabama Department of Corrections,

Kilby Correctional Facility, Mt. Meigs, Alabama.  I am over nineteen

(19) years of age.

I have received a complaint concerning inmate Joe Benoit Martin



W/M 208789 on or about October 16, 2007.  On July 17, 2007, I was

assigned to J-Dorm and have no knowledge of this incident.  At no time

did I make any threatening remarks to inmate Joe Martin.

**CO Leonardo Moore**
**Kilby Correctional Facility**

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal
this 22nd day of October, 2007.

Notary Public
My comm. Expires 12-17-09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789
       **PLAINTIFF**

                                   **CIVIL ACTION: 2:07-CV-884-MEF**

VS
Arnold Holt, et.al.
       **DEFENDANT**

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Michael Warren, Steward III, who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Michael A Warren, and I am presently employed as Steward III (Chief Steward) with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I am the Chief Steward in the Food Services Division at Kilby Correctional Facility for over 26 years and I am responsible for administrative operation of the kitchen. I supervise and train all Kitchen Stewards in the operation of the kitchen and kitchen sanitation. I have certification of Food Service training by the State of Alabama Health Department. In addition to this I have received Mandatory Supervisor Training by the Alabama Department of Correction Training Academy in areas such as supervising inmates, solving inmate problems, communicating with the inmates assigned to my division, supervisor and inmate relationship on a daily basis, and  inmate relationships are documented in my Institutional 201 Personnel file.

Each inmate is given a job description before they start to work in the kitchen.   I made it a Food Service Division policy to ask each inmate if they have any medical reason that they cannot perform the job task given to them. On or about May 10, 2007, I (Chief Steward Michael Warren) met with the Plaintiff Inmate Joe Benoit Martin, white male, AIS#208789. Inmate Martin produced a medical pink slip stating that "no prolong

1



standing over 20 minutes". I assigned Inmate Joe Benoit Martin white male AIS#208789 to the serving line. His job description was to serve bread on the end of the serving line.

My reason for assigning Inmate Martin to serve bread was because this was the coolest part of the kitchen. In this area a wall fan was installed so the inmates with problems breathing or could not stand extreme heat would be much cooler there. On several occasions I would open the door to my office (which is air conditioned) to allow Inmate Joe Benoit Martin to receive cooler air while he is working on the serving line. Inmate Martin was also allowed to sit on a stool and serve bread.

During my inspection of the meal and monitoring the work of each inmate Inmate Joe Benoit Martin requested to speak to me. I instructed him to see me after the meal and his sanitation duties had been completed. I briefed all Kitchen Supervisors about Inmate Joe Benoit Martin's medical condition (No prolong standing over 20 minutes at a time). After the feeding had been completed and the kitchen areas were cleaned and inspected by the Kitchen Steward on duty, Inmate Joe Benoit Martin knocked on my office door and requested to talk with me.

Inmate Joe Benoit Martin thanked me for allowing him to sit down but the other Food Service Stewards were not allowing him to do so. I told Inmate Martin that I would check with each Steward and get back with him. Inmate Joe Benoit Martin stated that it was still too hot where he was serving. I (Chief Steward Michael Warren) gave Inmate Martin a new job assignment to wipe tables in the dining room where ceiling fans and window vent units had been installed.   I explained to him that when he felt tired to sit down at will and if he got too hot to go outside through the kitchen exit doors and cool off.

Before the end of my shift I made it a point to check with Inmate Martin to see if he had any problems. Inmate Martin stated that he loved his new job duties and thanked me for the job. At one point Inmate Martin spoke with me asking for extra help to make it easier on him. I told Inmate Martin that I would instruct the Table Man and the Diet Cook and one of the inmate workers from the pot sink or dish room area to assist him.

Before taking an extensive sick leave of absence, Inmate Joe Benoit Martin was checked on by me several times during the meal and he did not present any other medical problems to me. In my absence the Steward II on 1st and 2nd shift assume all of my duties in maintaining a safe and sanitary work environment for this division including monitoring inmate problems and following through. They are to correspond with all other Supervisors

2

in all areas in the institution.

At no time would I knowingly allow any inmate to work in an unsafe or unsanitary environment.

I have not violated Inmate Joe Benoit Martin's constitutional rights in any manner.

Michael Warren, Chief Steward
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 29 day of October, 2007.

Betty S. Carr,  Notary Public
My comm. expires 12-17-09.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Joe Benoit Martin, 208789
PLAINTIFF

CIVIL ACTION: 2:07-CV-884-MEF

VS

Arnold Holt, et.al.
DEFENDANT

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Angie Baggett who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Angie Baggett, and I am presently employed as a Classification Specialist Supervisor with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I have reviewed Inmate Joe Martin's institutional file which revealed that Inmate Martin was assigned to the kitchen detail by the Institutional Job Board from 5-11-07 until 9-27-07. He was reassigned by the Job Board on 9-27-07 to work as a Bay Cleaner. Upon checking the Institutional transfer orders for today Inmate Martin will be transferred to Staton Correctional Facility on 12-13-07 as a routine transfer. He did not receive any disciplinary action from 5-11-07 until 12-13-07. (See attached documents.)

Angie Baggett, Class. Spec. Supervisor
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 13th day of December, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09

1

EXHIBIT
F
PENGAD 800-631-6989

# AFFIDAVIT

Joe Benoit Martin, 208789
**PLAINTIFF**

**CIVIL ACTION: 2:07-CV-884-MEF**

**VS**

Arnold Holt, et.al.
**DEFENDANT**

### STATE OF ALABAMA

### MONTGOMERY COUNTY

I, Angie Baggett,  hereby certify and affirm that I am the Classification Specialist Supervisor at Kilby Correctional Facility; that I am one of the custodians of the inmate institutional records at this institution; that the attached documents are true, exact, and correct photo-copies of certain original documents maintained here in the institutional files; and that I am over the age of nineteen (19) years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at the Kilby Correctional Facility; and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events, and transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on the 13th day of December, 2007.

Angie Baggett, Class. Spec. Supv.
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this 13th day of December, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09

2

DEC. 13, 2007                    USER: CLASS. SPEC.                        INMJHR
                               JOB HISTORY PROCESSING
                               JOB CHANGE LOG BY AIS #

---CHANGED----                           -------------CHANGED-------------
DATE      TIME   AIS    NAME                FROM              TO              F

05/11/07 07:09 208789 MARTIN, JOE B.        UNASSIGNED    II KITCHEN         N
09/27/07 19:01 208789 MARTIN, JOE B.    II KITCHEN        BB BAY CLEANER     N




                        NO MORE JOB HISTORY RECORDS
                         PRESS ENTER TO CONTINUE

\* NO DISCIPLINARY RECORDS FOR THAT AIS AND/OR SEQ# \*